# In the United States Court of Federal Claims

No. 18-1064C
(Filed: January 15, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CRAIG ANDREW HENDRICKS,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Craig Hendricks is a resident of the state of Kansas. Plaintiff alleges that the Leavenworth County sheriffs and police department as well as the state of Kansas illegally arrested Plaintiff instead of his mother, whom Plaintiff alleges was "the criminal in the case." Compl. 1. Plaintiff claims that his mother stole his residence, his horse, "and other possessions" given to him by his paternal grandmother. Id. Plaintiff alleges that the Attorney General of Kansas "failed to rectify the situation" and did not respond to Plaintiff's multiple reports both prior to and after "the incident." Id. at 2. Plaintiff seeks $100,000,000 in damages and requests that this Court incarcerate his mother, clear his record, and order the Internal Revenue Service ("IRS") to prepare Plaintiff's tax returns for the years 2015-18. Id. at 3.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must

---

[1] This background is derived from Plaintiff's complaint.

dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff alleges that the Leavenworth County sheriff and police department "illegally arrested" him, and that the Kansas Attorney General "failed to rectify the situation." The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiff alleges claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims. This Court lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ," nor does it have jurisdiction to review decisions rendered by state courts. See D.C. Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008); Landers v. United States, 39 Fed. Cl. 297, 301 (1997).

Although this Court has jurisdiction to hear claims of unjust conviction, that jurisdiction is limited and must involve a request for compensation. See 28 U.S.C. § 1495 (2012). In order to succeed on a claim for compensation based on unjust conviction, a plaintiff must prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on grounds of actual innocence. 28 U.S.C. § 2513(a)(1) (2012); see also Vincin v. United States, 468 F.2d 930, 933 (Ct. Cl. 1972) (per curiam); Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998). This proof must come in the form of either a court-issued certificate or a pardon. 28 U.S.C. § 2513(b) (2012). Plaintiff has not satisfied these requirements.

In addition to monetary damages, Plaintiff requests that this Court incarcerate Plaintiff's mother, clear his criminal record, and order the IRS to prepare Plaintiff's tax returns for 2015-18. However, this Court's authority to grant equitable relief is limited to certain tax cases, bid protests, and situations where such relief is an "incident of and collateral to" a monetary judgment. 28 U.S.C. §§ 1491(a)(2)-(b), 1507-08 (2016); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). As these conditions are not met here, this Court lacks authority to grant Plaintiff's requested equitable relief.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**